UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISMAIL A. ABUHALTAM,

      Plaintiff,

                                      Case No. 1:26-cv-1

v.

                                       HON. JANE M. BECKERING

MUSTAFA MUHAMMAD SAIED
ABUHALTAM, et al.,

      Defendants.

_____/

**OPINION AND ORDER**

      Plaintiff, proceeding pro se, initiated this civil action with the filing of a Complaint against numerous Defendants, most of whom he identifies as relatives residing in the United States, alleging under this Court's federal-question jurisdiction that they violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962.  On January 21, 2026, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed for lack of subject-matter jurisdiction inasmuch as the allegations are frivolous.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 7).  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge thoroughly examined the allegations in the Complaint and concluded that Plaintiff's RICO claim fails because the Complaint does not allege (1) "even a single predicate act," (2) no RICO pattern, and (3) no RICO injury (R&R, ECF No. 6 at PageID.181, 184).

In his objections, Plaintiff concedes that the Magistrate Judge "correctly identified deficiencies in the federal RICO claims but erred in recommending dismissal without considering whether the underlying facts establish a valid cause of action under Diversity Jurisdiction (28 U.S.C. § 1332)" (Pl. Obj., ECF No. 7 at PageID.187).  In his objections, Plaintiff requests leave to amend or "recharacterize" his Complaint, indicating that he will "drop the federal RICO claims entirely" and instead assert state-law claims for Defamation, Intentional Infliction of Emotional Distress, Civil Conspiracy, and Abuse of Process (*id.* at PageID.188–190).

In general, federal courts possess subject-matter jurisdiction based on either the parties' diversity, 28 U.S.C. § 1332, or the invocation of a federal question, 28 U.S.C. § 1331.  "Before a federal court takes up a case's merits, it must assure itself of its jurisdiction over the case's subject matter."  *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).  A cause of action is presumed to lie outside the court's limited jurisdiction, and "[t]he burden of establishing the contrary rests upon the party asserting jurisdiction."  *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014).  "[O]nce a court determines that jurisdiction is lacking, it can proceed no further and must dismiss the case on that account."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 434 (2007).  *See also Bell v. Hood*, 327 U.S. 678, 682 (1946) (explaining that the determination of the validity of the claim is, in itself, an exercise of jurisdiction).

The Supreme Court has instructed that the "withdrawal" of allegations can defeat jurisdiction "unless the [allegations] are replaced by others that establish jurisdiction."  *Rockwell*

*Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007).  *See also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 24 (2025) ("federal courts 'look to the amended complaint to determine jurisdiction'") (quoting *Rockwell*, *supra* at 474)).  An amended complaint supersedes the original complaint and "must stand on its own jurisdictional basis." *NOCO Co. v. OJ Com., LLC*, 35 F.4th 475, 480 (6th Cir. 2022) (citing *Rockwell, supra*).  *See also* FED. R. CIV. P. 8(a)(1) (requiring a pleading to include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support").

To that end, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  Relying upon this statute, "courts have often reached beyond the specific statutory sections cited by the complaint to reach a different basis for jurisdiction—albeit one that exists on the face of that complaint." *AmSouth Bank v. Dale*, 386 F.3d 763, 779 (6th Cir. 2004).  For example, a plaintiff whose complaint relied on diversity jurisdiction may correct the complaint's accidental failure to list the state in which a corporate defendant has its principal place of business. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).

Here, Plaintiff premised jurisdiction over his action on his RICO claim, a federal question. Plaintiff did not plead any allegations in his Complaint related to his own citizenship or the citizenship of the numerous Defendants, and there are no state-law claims in Plaintiff's Complaint.

Section 1653 does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).  Section 1653 "permits changes to insufficient allegations of jurisdiction" but "does not also cover a plaintiff's attempt to amend substantive allegations on the merits," *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.*, 953 F.3d 890, 895–96 (6th Cir.

2020), which is the request at bar.  Plaintiff "seeks to create jurisdiction, not to confirm it." *See id.  Contrast Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 468 (6th Cir. 1964) (recognizing that the plaintiffs' amendment "did not change in any respect the substantive allegations setting forth plaintiffs' claim").  Consequently, the Court denies Plaintiff's request for leave to amend or "recharacterize" his pleading.

No factual or legal error in the Magistrate Judge's jurisdictional analysis or conclusion has been submitted, let alone demonstrated, and the Court determines that the Report and Recommendation is therefore properly approved and adopted as the Opinion of the Court.  A Judgment will also be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 7), including the request for leave to amend, are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Motion for Alternate Service (ECF No. 2) is DISMISSED as moot.

Dated:  March 16, 2026                                   /s/ Jane M. Beckering
                                                                    JANE M. BECKERING
                                                                    United States District Judge